UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW BROOKE DAVIS,

        Petitioner,         Case Number: 2:11-CV-14616

v.        HONORABLE DENISE PAGE HOOD

STEVEN RIVARD,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Matthew Brooke Davis is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. The petition will be dismissed.

**I.**

Petitioner was charged in three separate cases in Leelanau County Circuit Court with two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct (case no. 09-1634-FC); one count of using a computer to commit a crime and ten counts of possession of child sexually abusive material (case no. 09-1638-FH); and one count of using a computer to commit a crime and five counts of possession of child sexually abusive material (case no. 09-1639-FH). On April 6, 2009, he pleaded guilty to one count of second degree criminal sexual conduct (case no. 09-1634-FC), and

one count of possession of child sexually abusive material (case no. 09-1638-FH). The charges in case number 09-1639-FH were dismissed and the remaining charges in case numbers 09-1634-FC and 09-1638-FH were also dismissed.

On May 4, 2009, the trial court sentenced Petitioner to 10 to 15 years in prison for the second-degree criminal sexual conduct conviction and 2 to 4 years in prison for the possession of child pornography conviction, to be served concurrently. On November 13, 2009, Petitioner filed a Motion to Correct Invalid Sentence raising two issues challenging the scoring of OV-12. The trial court granted the motion in part and resentenced Petitioner to a term of 1 to 4 years in prison for the possession of child pornography conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal. *People v. Davis,* No. 297849 (Mich. Ct. App. June 24, 2010). His application for leave to appeal to the Michigan Supreme Court was also denied. *People v. Davis,* 488 Mich. 915 (Mich. Oct. 26, 2010).

Petitioner then filed the pending habeas petition. He raises this claim:

Petitioner was denied due process when the sentencing judge relied on inaccurate information in the presentence report and sua sponte misscored offense variable 12 of the Michigan Sentencing Guidelines for second-degree

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the

2

petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

4

comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations; *see* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.

Petitioner claims that habeas relief should be granted because his sentence was based upon incomplete and inaccurate information. Petitioner argues that the sentencing court improperly assessed twenty-five points under offense variable 12 (OV-12) for his commission of "three or more contemporaneous felonious criminal acts involving crimes against a person." Mich. Comp. Laws § 777.42(a). He also argues that the sentencing court lacked substantial and compelling reasons for departing upward from the sentencing guidelines.

A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). "*Townsend* and its progeny are generally viewed as having established a due process 'requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.'" *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007) (quoting *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir. 1974)).

The scoring of offense variable 12 was discussed at Petitioner's sentencing. Defense counsel did not object to the scoring of that offense variable. Approximately six months later, Petitioner filed a Motion to Correct Invalid Sentence, challenging the scoring of OV-12. The trial court held that OV-12 was correctly scored. Petitioner had

6

an opportunity both at sentencing and in his post-judgment motion to challenge the scoring of OV-12.

Petitioner's allegations that the scoring of OV-12 improperly relied upon facts that formed the basis for another felony conviction and incorrectly relied on behavior that had not been shown to have occurred within twenty-four hours of the scored offense are couched in terms of an alleged due process violation. But, the allegations amount to a disagreement with the state court's interpretation of Mich. Comp. Laws § 777.42, regarding the scoring of OV-12. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal courts performing habeas review do not act as "super-appellate state courts." *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). A state court's error in interpreting state sentencing guidelines is a matter of state concern only. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir.2003) ("[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"); *see also Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir.2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

Petitioner disagrees with the state court's scoring of OV-12, but has not shown that the trial court relied on "extensively and materially false" information that he had no opportunity to correct. *Townsend*, 334 U.S. 736, 741 (1948). The trial court's determination of the facts was reasonable. 28 U.S.C. § 2254(d)(2). In addition, the sentence is within the statutory maximum penalty for second-degree criminal sexual conduct (fifteen years) and one count of possession of child sexually abusive material (four years). Mich. Comp. Laws §§ 750.520c & 750.145c. Accordingly, no deprivation of due process occurred, and Petitioner is not entitled to habeas relief on the basis of this claim.

Petitioner argues that his constitutional rights were violated by the trial court's failure to adequately justify its upward departure from the sentencing guidelines. Petitioner argues that the trial court departed from the sentencing guidelines without substantial and compelling reasons for doing so. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). Thus, this claim is not cognizable on

federal habeas review.

### IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

### V.

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** and a certificate of appealability is **DENIED**.

          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: April 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2012, by electronic and/or ordinary mail.

          S/LaShawn R. Saulsberry
          Case Manager